### GOMEZ et al. v. HERNANDEZ et ux.
### No. 7457.

Court of Civil Appeals of Texas. Austin.

June 4, 1930.

S. M. Burns, of Cameron, for appellants.

A. J. Lewis, of Cameron, for appellees.

BAUGH, J.

Suit by appellants to obtain from appellees the care, custody, and possession of a four year old girl. Trial to the court without a jury and the child awarded to appellees, in whose care she had been since her birth.

No new questions are presented. The trial court filed findings of fact and conclusions of law. We have read the statement of facts and find that there was sufficient evidence to sustain these findings. His material findings were that Rosa Garcia, then unmarried, gave birth to the child in question on October 20, 1925, while making her home with appellees; that she immediately abandoned said child; that appellees reared the child and had continuously had her in their custody, care, and possession since her birth; that appellees herein, in April, 1929, more than three years after the abandonment of said child by her mother, legally adopted said child in accordance with the provisions of title 3, R. S. 1925, and prior to the filing of this suit. Rosa Garcia married Marcus Gomez in October, 1928, and they filed this suit in April, 1929.

Under these circumstances and the express provisions of article 44, R. S. 1925, the mother of said child was barred "from exercising any authority, control or custody over the person or estate of such child as against the adoptive parent." By abandonment of said child, and her adoption by appellees, the mother forfeited all rights which she would otherwise have had as natural guardian of said child; and before she could remove said child from the care and custody of her adoptive parents, she must have shown not only that appellees were not proper and fit persons to rear the child, but that she and her husband were such fit and proper persons to do so. These matters were questions of fact for the trial court, who had all parties before him, heard their testimony, along with that of other witnesses, observed their conduct, characteristics, and dispositions and concluded that, in addition to the legal rights of appellees in the premises, the welfare of the child, which is always the matter of paramount concern, demanded that she remain with her adoptive parents. There being ample evidence to sustain that finding and conclusion, it is binding upon this court.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.